(152 App. Div. 610.)

## In re HASSAM PAVING CO.

(Supreme Court, Appellate Division, Third Department. September 27, 1912.)

1. CORPORATIONS (§ 610*) — VOLUNTARY DISSOLUTION — PROCEEDINGS — BURDEN OF PROOF.

On application to vacate an order to show cause why a corporation should not be dissolved, the burden is on applicant to establish the falsity of allegations in the petition for dissolution.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2424–2430; Dec. Dig. § 610.*]

2. CORPORATIONS (§ 610*) — DISSOLUTION PROCEEDINGS — EVIDENCE — SUFFICIENCY.

On application to vacate an order to show cause why a corporation should not be dissolved, evidence *held* insufficient to show falsity of allegations in the petition for dissolution, that petitioner was the sole remaining director, and that the stock was equally divided between two independent ownerships.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2424–2430; Dec. Dig. § 610.*]

3. CORPORATIONS (§ 170*) — DISSOLUTION PROCEEDINGS — EVIDENCE — SUFFICIENCY.

The owners of a beneficial interest in a share of corporate stock deposited with the voting trustee ceased to be stockholders and directors on a sale of the share under pledge.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 624–632; Dec. Dig. § 170.*]

4. CORPORATIONS (§ 282*)—DIRECTORS—RIGHT TO OFFICE.

One's title to the office of director cannot be predicated upon a purchase of stock by another for him, or as his representative.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1189–1194; Dec. Dig. § 282.*]

Smith, P. J., and Houghton, J., dissenting.

Appeal from Special Term, Rensselaer County.

Application by the Hassam Paving Company for voluntary dissolution. From an order refusing to vacate a petition and order to show cause why the paving company should not be dissolved, Joseph A. Powers appeals adversely to Alfred Thomas. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas O'Connor, of Waterford, for appellant.

R. J. Imperatori, of New York City, for respondent.

LYON, J. [1, 2] The order of the Special Term denying the application to vacate the order to show cause why the corporation should not be dissolved should be affirmed. The petition upon which the dissolution proceedings were instituted was made by Alfred Thomas, who therein and in the schedule attached thereto alleged that he was the sole remaining director of the corporation, and hence authorized to make the petition, that the corporation was insolvent, and that its stock was equally divided into not more than two independent ownerships. The appellant, Powers, rather than await the hearing provided by the order to show cause and then contest the proceedings upon the merits, has sought by motion to have the order vacated upon the ground that the above-stated allegations of the petition are false. Thereby he has assumed the burden of establishing such falsity, which I think he has not sustained, and hence that his motion was properly denied. As to the allegation that Thomas was the sole director, and that the stock was equally divided into not more than two independent ownerships, it appears that in 1908 one-half of the capital stock, or 125 shares, was issued to the Hassam Paving Company of Massachusetts and since represented by Thomas, as the consideration for the grant to the Hassam Paving Company of New York of the New Jersey license, and that the remaining one-half of the capital stock was sold to Powers and Thompson, and that by mutual agreement one share of the stock owned by the Massachusetts corporation, and one share of the stock owned by Powers and Thompson, were placed in the name of James H. Caldwell as voting trustee, who was to act as an arbitrator and doubtless to vote upon the stock in case of any dispute over the management or control of the corporation, the beneficial ownership of the stock apparently remaining in the original owners. In January, 1911, Thomas, Powers, and Thompson were duly elected directors of the corporation, since which time no election has been had. Neither the certificate of incorporation nor the by-laws contain any provision that a director need not be a stockholder.

[3] It appears that Thompson made loans from Powers, pledging his interest in stock in the Paving Company as collateral. These loans were not paid, and Powers brought an action for the foreclosure of the pledge in which in September, 1911, a decree was entered, and on October 2, 1911, said stock, including the interest of both Powers and Thompson therein was sold at public auction and was bid off by one Gleason. Whether the sale at auction included the beneficial interest of Powers and Thompson in their one share of stock in the hands of Caldwell as voting trustee does not appear. If it did, then both Powers and Thompson ceased to be stockholders and necessarily to be directors, and Thomas became the sole

director. Matter of Ringler & Co., 204 N. Y. 30, 97 N. E. 593. Furthermore, if such sale was had, the stock became equally divided into two independent ownerships. As before stated, the burden of establishing the allegations of the moving papers was upon the appellant, Powers. While he has alleged the conclusion that he has remained the owner of an undivided one-half interest in 124 shares of stock since it was issued to him and Thompson in 1908, and of said stock since it was purchased by him from Gleason, yet he has not seen fit to include in his motion papers a copy of the decree in the foreclosure action, or even of the pledge, from which the court might be able to determine this issue between the parties. By the letter from Thompson to Powers of October 14, 1910, which was submitted upon the part of the appellant, it would appear that the pledge covered all the stock which Thompson owned in the corporation. In the petition of the Hassam Paving Company for a writ of mandamus, it is alleged that Thompson ceased to be a director October 2, 1911, from which it would be inferred that Powers also then ceased to be a director. In the affidavit of R. J. Imperatori, attorney for respondent, it is alleged that the decree of foreclosure provided for the sale of the stock of the corporation "belonging to and owned by said Joseph A. Powers, Esq., and Leslie E. Thompson, Esq.," which probably included the share of stock in the hands of Caldwell.

[4] Powers' title to the office of director cannot be predicated upon the alleged purchase of the stock by Gleason in the interest or as the representative of Powers. Powers himself makes no such claim in any of the papers submitted by him to the Special Term. Upon the other hand, he states in his affidavit of February 28, 1912:

"Said John H. Gleason did purchase said stock on the 2d day of October, 1911, * * * and deponent soon after said sale repurchased said stock from said John H. Gleason, and has ever since been and now is the owner and holder thereof."

There is no allegation that Gleason did not buy the stock for himself, and the natural inference from the papers submitted upon the motion and from the transaction itself is that such was the case.

The denial of appellant's motion without costs and with the clause in the order, "ordered that all questions raised upon this motion be and they hereby are reserved without prejudice to the moving party until application for the final order herein," was most favorable to the appellant. As the learned justice at Special Term stated in his memorandum:

"This provision will enable the moving party, if he so desires, to raise at that time the question that the proceeding has not been instituted by a majority of the directors, and all other questions which he now raises."

I have not entered into any discussion of the question of the alleged insolvency of the corporation. Under the allegations of the petition and of the answering affidavits, this is plainly an issue of fact. Concededly the only asset is the New Jersey license. This is claimed by respondent to be valueless, and by appellant to be worth fully the face amount of the capital stock of the corporation.

The force of the latter claim is somewhat qualified, however, by the report made to the Comptroller, of date November 1, 1911, stating that the capital stock was of no value.

The order appealed from should be affirmed, with costs and disbursements of the appeal to respondent. All concur, except SMITH, P. J., and HOUGHTON, J., who dissent.