In the Matter of the Application of Cowles Realty Company, a Corporation, for Voluntary Dissolution.
Matilda P. Cowles, Appellant; Justus A. B. Cowles and Charles P. Cowles, Respondents.

Second Department, November 23, 1920.

Corporations — petition ·for voluntary dissolution alleging that all directors and stockholders desired dissolution — dismissal of petition where one stockholder opposed.

A petition for the voluntary dissolution of a corporation and the appointment of a receiver of its property signed by two of the three directors and stockholders and the holders of two-thirds of the capital stock, which alleged that the third director and stockholder had stated that she desired the dissolution of the corporation and that said dissolution was for the best interests of the stockholders, should be dismissed on ·the motion of the third director where it appears that at the time the petition was presented said third director not only did not desire dissolution but was opposed thereto.

The third director should not be denied the right to have the petition dismissed because the court did not make a final order upon the petition, but sent it to a referee before whom she could appear and contest the merits, for, before the court entertained jurisdiction, she was entitled to have the petition considered upon the exact truth of the attitude of all the directors at the time of presentation.

The fact that the third director did at one time and under other and different circumstances favor dissolution could not be used to sustain the petition, for the issue was whether the petition stated her attitude at the time of the making and presentation thereof to the court for its action.

Appeal by Matilda P. Cowles, a director and stockholder in the Cowles Realty Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 28th day of July, 1920, denying the motion of said Matilda P. Cowles to dismiss the petition of Justus A. B. Cowles and Charles P. Cowles for the dissolution of the Cowles Realty Company and the appointment of a receiver of its property and to vacate the order issued on said petition to show cause why said corporation should not be dissolved.

*Montgomery Hare* [*Ralph O. L. Fay* with him on the brief], for the appellant.

*Garrard Glenn* [*William B. Walsh* with him on the brief], for the respondents.

JENKS, P. J.:

The appeal is from an order of the Special Term that denies a motion to vacate an order made on July 22, 1920, in proceedings under the General Corporation Law for voluntary dissolution of a corporation. The full board of directors consists of three persons, equal owners of all of the capital stock. The appellant, M. P. Cowles, is one of the three directors. She did not join in the petition for dissolution, and did not appear at the presentation of the petition, but as her absence seemed excusable the Special Term properly entertained her motion to vacate.

It is plain that the principal ground of the petition is the unanimous desire of the directors for dissolution. The statement of the two petitioning directors of the reasons as required by the said statute (§§ 170, 174, as amd. by Laws of 1909, chap. 240) reads: " Said Matilda P. Cowles has stated to your petitioners that she desires the liquidation and winding up of the affairs of said corporation. * * * In the light of the request addressed to your petitioners by the said Matilda P. Cowles as aforesaid, [and] your petitioners' concurrence in the desire expressed by her, * * * your petitioners, as aforesaid, deem it desirable and to the best interests of the stockholders of said corporation that it be dissolved and its affairs liquidated by a Receiver to be appointed by this court." The appellant contends that she was not in favor of a dissolution when the petition was made and presented; that the two petitioning directors had no warrant for a statement as to her desire for dissolution, but that they must have known her attitude at the time of the petition was opposition to dissolution.

If her contention be right, I think that the order should be vacated as there is substantial difference between unanimity of directors and dissent of one-third of their number, when the dissentient represents particularly one-third of the capital

stock. It is true as a general proposition that the judgment of the majority was "more apt to be right than that of a minority." (*Hitch* v. *Hawley*, 132 N. Y. 219.) But upon a question of dissolution "the interests of the minority stockholders * * * are entitled to be considered." (*Matter of Rateau Sales Co.*, 201 N. Y. 420, 425.) The minority would certainly be entitled to have the court consider the attitude of the minority and weigh the conflicting judgments. And in this case it did not appear there was a minority. It is not full answer that the statute authorizes action by a majority of the directors (Gen. Corp. Law, § 170) and that two is a majority of three, for the fact would remain in this case that the two stated that the three were of one mind. Nor should the appellant be declared content in that the court did not make a final order upon the petition, but sent it to a referee before whom the appellant could appear to contest the merits. (*Matter of Hassam Paving Co.*, 152 App. Div. 610.) Before the court entertained jurisdiction she was entitled to have the petition considered upon the exact truth of the attitude of all the directors at the time of presentation.

The contention of the appellant does not imply that the statement of the petition which I have quoted is false, but it in effect concedes that it is true. The appellant as affiant states the sole occasion six months prior to the beginning of this proceeding when dissolution was mooted. She deposes that for some years the respondents were executors and trustees of her husband's estate, that she became dissatisfied with their conduct and thereupon a relative suggested on her behalf a settlement of differences which included resignations of the executors and trustees, and, in order that the settlement might be comprehensive, that this corporation be dissolved and liquidated and its real estate be divided in kind. But she deposes that such proposition for dissolution was rejected by the other two directors "at this time." She deposes that the negotiations failed, and thereupon, in January, 1920, action was begun against the said executors and trustees for illegal management and waste, that settlement of this action was agitated, which involved a sale of appellant's capital stock, but a proposal by the other two directors for dissolution of the corporation was rejected by her. Despite all this, as I have

said, the statement quoted from the petition is true. " True," because it is *in the past tense*. That is, if the appellant had *ever* said that she was in favor of the dissolution, it is true that " Matilda P. Cowles has stated," etc. But the court was not supposed to concern itself with what M. P. Cowles *had* stated, save as such statement represented her attitude at the time the petition was put before the court. Naturally, the court would infer that the petitioners meant to inform the court that at that time M. P. Cowles as a director was in concert with the petitioners as desirous of a dissolution. The affidavits of the respondents do not deny categorically or substantially many of the cogent circumstances that make against any contention that the appellant favored the isolated proposition of a dissolution of the corporation at the time of the petition. As I read them, the affidavits do not name any specific time when the appellant ever stated her desire for dissolution. And it would seem that the petitioners proceeded upon the theory that it was enough if the appellant ever favored a dissolution. Thus the learned counsel for the respondents writes in his points: " *The issue was whether the appellant had ever made such a request; that is what the petition alleges and that is what the appellant now denies.*" It is true that is what the petition alleges, as I have shown, but it is not true that is what the appellant now denies. I think the learned counsel mistakes the issue. I think that the issue is whether the petition stated the appellant's attitude at the time of the making and the presentation of the petition to the court for its action.

Of course, there is no element of estoppel involved and there is no ground for the application of a presumption of continuance of the attitude of the appellant for dissolution, when we consider the circumstances, the lapse of time and the changed conditions which embraced positive action on her part.

I advise that the order be reversed, with ten dollars costs and disbursements, and the motion be granted, with ten dollars costs, without prejudice to any further application for dissolution under the General Corporation Law.

MILLS, RICH, PUTNAM and BLACKMAR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to any further application for dissolution under the General Corporation Law.